### NORTHERN PAC. R. CO. v. MASE.

#### (Circuit Court of Appeals, Eighth Circuit. July 16, 1894.)

#### No. 383.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANTS—OPERATION OF RAILROAD TRAINS.

A railroad company is not liable, under the general law, for the injury of an employé on one train caused by the negligence of the conductor in its employment on another train in leaving a switch open that it was his duty to close, as the conductor and the injured employé are fellow servants. Railway Co. v. Needham, 63 Fed. 107, followed.

2. SAME—STATUTORY LIABILITY OF RAILROAD COMPANIES.

Under Comp. St. Mont. 1887, c. 25, § 697, relating to railroad corporations, which makes such a corporation liable to a servant or employé for injury sustained by default or wrongful act of his superior, as if such servant or employé were a passenger, a railroad company is liable for an injury inflicted in Montana, to a fireman in its employment on one train, caused by the negligence of a conductor in its employment on another train in leaving a switch open.

In Error to the Circuit Court of the United States, for the District of Minnesota.

This was an action by Clara Mase, administratrix of Frank B. Mase, deceased, against the Northern Pacific Railroad Company, to recover damages for the death of said Frank B. Mase. A trial by jury was waived, and the case was submitted on an agreed statement of facts. The circuit court rendered judgment for plaintiff. 57 Fed. 283. Defendant brought error.

J. H. Mitchell, Jr. (Tilden R. Selmes, on the brief), for plaintiff in error.

Walter A. Shumaker (W. W. Erwin, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge. Is a railroad company liable under the general law for the injury of an employé on one train caused by the negligence of the conductor in its employment on another train in leaving a switch open that it was his duty to close?

If not, is it liable, under section 697 of the Compiled Statutes of Montana, for an injury to a fireman in its employment on one train, which was inflicted in Montana, and was caused by the negligence of a conductor in its employment on another train in leaving a switch open?

These are the only questions presented by this record. The case was tried by the court below, without a jury, upon an agreed statement of facts and a stipulation to the effect that, if the court was of the opinion that either of these questions should be answered in the affirmative, judgment should be rendered against the plaintiff in error for $4,000. The circuit court was of the opinion that the first question should be answered in the affirmative, and upon that ground ordered the judgment, to reverse which this writ of error was sued out. Mase v. Railroad Co., 57 Fed. 283.

In our opinion, the conductor of a railroad train, through whose negligence in operating the railroad an employé of the same company on another train is injured, is a fellow servant of the latter, under the general law, and on that account the common master is exempt from liability for an injury caused by his negligence, and the court below should have answered the first question in the negative. Our reasons for this opinion are stated, and some of the authorities that support our conclusions are cited, in Railway Co. v. Needham (decided at this term) 63 Fed. 107, and it is useless to repeat them here. We turn to the consideration of the second question.

In the absence of legislative enactments, the liability of a master to one of his employés for the negligence of another is determinable by the general law, and not by the local law, and the decisions of the courts of the state in which the injury is inflicted are not controlling in the national courts. But, whenever this subject is regulated by the statutes of the state in which the injury is inflicted, these become the "rules of decision in trials at common law" in the national courts, under section 721 of the Revised Statutes, and measure the duties and liabilities of the litigants. Railroad Co. v. Hogan (decided by this court at this term) 63 Fed. 102; Railway Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 185; Railroad Co. v. Baugh, 149 U. S. 368, 378, 13 Sup. Ct. 914; Railroad Co. v. Hambly, 14 Sup. Ct. 983; Hough v. Railroad Co., 100 U. S. 213, 226; Railway Co. v. Prentice, 147 U. S. 101, 106, 13 Sup. Ct. 261.

This case was tried in the circuit court for the district of Minnesota, but the injury was inflicted in the state of Montana. While

it is true that the statutes of a state have in themselves no extra-territorial force, yet rights acquired under them are always enforced by comity in the state and national courts in other states, unless they are opposed to the public policy or laws of the forum. It is settled by the decisions of the supreme court of the United States and by the decisions of the supreme court of Minnesota that the right to recover in an action of the character of that before us is governed by the lex loci, and not by the lex fori. Railroad Co. v. Babcock, 14 Sup. Ct. 978; Herrick v. Railway Co., 31 Minn. 11, 16 N. W. 413; The Antelope, 10 Wheat. 66; Smith v. Condry, 1 How. 28; The China, 7 Wall. 53, 64; Dennick v. Railroad Co., 103 U. S. 11; The Scotland, 105 U. S. 24, 29; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Huntington v. Attrill, 146 U. S. 670, 13 Sup. Ct. 224.

The result is that the right of recovery in this action, if it exists at all, must rest on the statute of Montana. That statute provides:

"That in every case the liability of the corporation to a servant or employee, acting under the orders of his superior, shall be the same in case of injury sustained by default or wrongful act of his superior, or to an employee not appointed or controlled by him as if such servant or employee were a passenger." Comp. St. Mont. 1887, c. 25, § 697.

This section is found in a chapter of the general laws of Montana relating to railroad corporations, and it seems to affect the liability of such corporations only. It goes without saying that the purpose of this statute was to extend the liability of railroad companies to their servants for the negligence of servants of a higher grade. It is equally clear that the pronoun "him," in the clause "or to an employee not appointed or controlled by him," refers to the employé's "superior," and that the intention of the legislature was to extend the liability of the companies for the negligence of superior servants for the benefit of two classes of employés, viz. those injured by the default or wrongful act of a superior employé under whose orders they were acting, and those injured by the default or wrongful act of a superior servant who did not appoint and who had no control over them. The statute is inartificially drawn, but its meaning is not doubtful; and its obscurity at once disappears if the clause "or to an employee not appointed or controlled by him" is transposed to its grammatical and logical position in the sentence, and placed before the verb. Then the statute would read:

"That in every case the liability of the corporation to a servant or employee acting under the orders of his superior, or to an employee not appointed or controlled by him, shall be the same in case of injury sustained by default or wrongful act of his superior, as if such servant or employee were a passenger."

Now, the conductor whose negligence in leaving the switch open caused the death of a fireman on another train, in this case, was the superior of that fireman in the employment of the same master. His rank or grade in the service was higher. The fireman, it is true, was not acting under his orders, and was not one of the first class protected by the statute, but he was an employé "not appointed or controlled" by this superior, whose default caused his injury,

and he was clearly one of the second class to whom a right of action for such a default was given by this statute. The effect of the statute is to give a cause of action against the railroad company to every servant who is himself without fault, for the default or wrongful act of any superior servant, whether or not the latter appointed or exercised any control over the former before or at the time of the infliction of the injury. This was the construction given to this statute by Judge Shiras, of the northern district of Iowa, upon the circuit, and we have no doubt of its correctness. Ragsdale v. Railroad Co., 42 Fed. 383, 386.

That the railroad company would have been liable for any injury resulting to a passenger on the train that ran through the open switch, from the negligence of the conductor who left it open, admits of no discussion. It follows that, under this statute and the stipulation in this case, the railroad company was liable to the defendant in error to the same extent for the injury to the deceased fireman that it would have been to a passenger, and on this ground the judgment must be affirmed. It is so ordered.