### ILLINOIS CENT. R. CO. v. IHLENBERG.

(Circuit Court of Appeals, Sixth Circuit. July 8, 1896.)

#### No. 402.

1. CONSTITUTIONAL PROVISION—WHEN SELF-EXECUTING.
  The provision in Const. Miss. § 193, that "knowledge by any employé injured of the defective or unsafe character or condition of any machinery, ways, or appliances shall be no defense to an action for injury caused thereby," is self-executing.
2. ENFORCEMENT OF FOREIGN LAW—COMITY.
  A federal court in Tennessee will enforce such provision with respect to a tort committed in Mississippi, it not being opposed to the policy of the Tennessee law.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

This was an action by Rudolph Ihlenberg against the Illinois Central Railroad Company for personal injuries. There was a judgment for plaintiff, and defendant brings error.

Rudolph Ihlenberg, the plaintiff below and the defendant in error, was a locomotive fireman employed by the Illinois Central Railroad Company, the defendant below and the plaintiff in error here, in July, 1891. He had been employed as fireman for 18 days before he was hurt, though actually engaged in work but 10 days. He had never worked as a fireman before. While on duty, and while the engine was running from 15 to 20 miles an hour, he stepped upon the tender, to get a drink of water from a keg placed upon the tool box. A sudden roll or jerk in the engine caused him to lose his balance, and he put his foot in the open space between the engine and the tender. This threw him off the engine onto the ground, and resulted in severe injuries to him. His claim in the action was that the engine was defective in not having an apron covering the space between the tender and the engine, so that his foot would not have caught in it. He had ridden on this particular engine but two days. The defenses set up by the defendant were—First, that it was not a defective engine, because many engines were without aprons, and the presence of the apron when used was not for safety, but merely to keep the dust from coming up in the engine cab; and, secondly, that the plaintiff had assumed the risk of danger from the defect, if it was a defect, by reason of the absence of the apron. The accident occurred between Canton, Miss., and Way's Bluff, Miss., on the line of the defendant's railway, on the 18th of July, 1891

Section 193 of the constitution of Mississippi, adopted November 1, 1890, is as follows: "Sec. 193. Every employé of any railroad-corporation shall have the same right and remedies for any injuries suffered by him from the act or omission of said corporation or its employés as are allowed by law to other persons, not employés, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured or of a fellow servant on another train of cars or one engaged about a different piece of work. Knowledge by any employé injured of the defective or unsafe character or condition of any machinery, ways or appliances shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them. When death ensues from any injury to employés, the legal or personal representatives of the person injured shall have the same right and remedy as are allowed by law to such representatives or other persons. Any contract or agreement express or implied made by an employé to waive the benefit of this section, shall be null and void; and this section shall not be construed to deprive any employé of the corporation or his legal or personal representative of any right or remedy that he now has by the law of the land. The legislature may extend the remedies herein provided for to any other class of employés." In November, 1892, after the accident occurred, the legislature of Mississippi enacted the following statute: "Sec. 3559. Fellow Servant Rule. Every employé of a railroad corporation shall have the same rights and remedies for an injury suffered by him from the act or omission of the corporation or its employés as are allowed by law to other persons not employés, where the injury results from the negligence of a superior agent or officer, or a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured or of a fellow servant on another train of cars, or one engaged about a different piece of work. Knowledge by an employé injured of the defective or unsafe character or condition of any machinery, ways, or appliances shall not be a defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by

them. Where death ensues from an injury to an employé, the legal or personal representative of the person injured shall have the same rights and remedies as are allowed by law to such representatives of other persons. Any contract or agreement, express or implied, made by an employé to waive the benefit of this section shall be null and void; and this section shall not deprive an employé of a corporation or his legal or personal representative of any right or remedy that he now has by law."

A bill of exceptions embodying all the evidence was taken, and included in it was this statement of the charge of the court: "(1) The court, among other things not excepted to, charged the jury that under the law of Tennessee, or under the common law, the plaintiff, under the facts in this case, could not recover, but that the law of Mississippi, where the injury occurred, controlled in this case; and that section 193 of the constitution of 1890 of Mississippi (which section reads as follows: 'Every employé of any railroad corporation shall have the same right and remedies for any injuries suffered by him from the act or omission of said corporation or its employés as are allowed by law to other persons, not employés, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured, or of a fellow servant on another train of cars, or one engaged about a different piece of work. Knowledge by any employé injured of the defective or unsafe character or condition of any machinery, ways or appliances shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of unsafe cars, or engines voluntarily operated by them') was the law of that state at the time of the accident to plaintiff, and applied in this case. (2) And in this connection the court submitted the question to the jury, under instructions not excepted to, whether the engine and tender were equipped with the apron or lap described in the proof, and whether or not the injury was the result of any defect in that regard as a proximate cause thereof, and instructed them if they found such defect to exist, and that it was the cause of the injury, the plaintiff would be entitled to recover, by reason of the constitutional provision found in the laws of Mississippi above quoted in the charge."

Estes & Fentress and Rankin & Rhodes, for plaintiff in error.

Neil & Deason and Haynes & Hayes, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The assignments of error seek to raise some questions of evidence, but the record is not in such a condition as to permit it. The court allowed the plaintiff, when on the stand, to answer certain questions put to him by his counsel in respect to the pain he suffered, and the knowledge which he had of locomotives before engaging in the service of the defendant. The questions were objected to; the objections were overruled; and no exception was taken to the rulings. The absence of exceptions prevents us from considering the correctness of the court's action on the objections.

The main point which this writ of error is intended to present is that the clause of the constitution of Mississippi providing that knowledge by any employé injured of the defective or unsafe character or condition of any machinery, ways, or appliances shall be no defense to an action for injury caused thereby, is not self-executing. It is very evident that this is the only question which the bill of ex-

ceptions was prepared to make. It is now, however, attempted to raise a different question upon the charge of the court. The charge is not given in full, and only enough appears to present clearly the point already alluded to. In the first of the two paragraphs, giving a summary of the charge, the court is represented as telling the jury that the clause of the constitution of 1890 applied to this case, and introduced a different rule from that which would have been applied under the law of Tennessee or the common law; and, by the second paragraph, it appears that "in this connection"—that is, in connection with the operation of the clause of the constitution of Mississippi upon the case—the court submitted the question to the jury, under instructions not excepted to, whether the engine and tender were equipped with the apron or lap described in the proof, and whether or not the injury was the result of any defect in that regard as a proximate cause thereof, and instructed them, if they found such defect to exist, and that it was the cause of the injury, the plaintiff would be entitled to recover by reason of the constitutional provision found in the laws of Mississippi above quoted in the charge. To this part of the charge of the court the defendant excepted. It is now contended that the effect of this charge was to take away the question from the jury, which was much mooted on the trial, whether the absence of the apron or lap in a locomotive was a defect in machinery. We are not able to say whether the court left this question to the jury or not, from the very summary way in which the charge of the court in this respect is described; but, if the court below did not leave the question to the jury, it is clear from the statement in the bill of exceptions that no exception was taken to that part of the charge, because it is expressly stated that the manner in which the court submitted to the jury the questions whether the engine and tender were equipped with the apron or lap, and whether or not the injury was the result of any defect in that regard as a proximate cause thereof, was not excepted to, and that the only part of the charge to which exception was directed was the operation of the constitutional provision of Mississippi upon the rights of the parties. It follows, therefore, that the only question we have before us in this case on the record is whether section 193 of the constitution of Mississippi was self-executing, at least so far as the clause which provides that "knowledge by any employé injured of the defective or unsafe character or condition of any machinery, ways or appliances shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them," and whether, if self-executing, it should be enforced in a federal court sitting in Tennessee in an action for an injury happening in Mississippi after the constitutional provision went into effect.

In Groves v. Slaughter, 15 Pet. 449, the question was whether the language of the constitution of Mississippi providing that the "introduction of slaves into that state, as merchandise, or for sale, should be prohibited, from and after the first day of May, 1833," was self-executing, or was directed to the legislature, and required legislative action before it should become operative upon contracts and

persons. The question arose in the supreme court of the United States with reference to its effect upon contracts made in the state, and it was there determined by a divided court that the clause was not self-executing. Subsequently, the court of errors of Mississippi, in Green v. Robinson, 5 How. (Miss.) 80, in Glidewell v. Hite, Id. 110, and in Brien v. Williamson, 7 How. (Miss.) 14, refused to follow the decision of the supreme court of the United States, and held that the clause was self-executing. Thereafter another case involving the effect of the clause upon contracts made before the decision of the supreme court in Mississippi was considered in Rowan v. Runnels, 5 How. 134, and the supreme court of the United States refused to change its ruling with respect to these contracts entered into before the decisions of the supreme court of Mississippi. An examination of the case of Groves v. Slaughter and the reasoning of the court leaves no doubt that the question for consideration is one of the intention of the persons framing and adopting the constitution. There is nothing in Groves v. Slaughter to justify the claim that a constitution may not contain self-executing provisions. It may be conceded that it is usually a declaration of fundamental law, and that many of its provisions are only commands to the legislature to enact laws to carry out the purposes of the framers of the constitution, and that many are mere restrictions upon the power of the legislature to pass laws; but that it is entirely within the power of those who confirm and adopt the constitution to make any of its provisions self-executing is too clear for argument. Hence it is a question always of intention to be determined by the language used and the surrounding circumstances. Considering the constitutional clause in question in this light, we have no doubt that it was self-executing. In the first place, the language of the particular clause in question is prohibitory, and is in the exact form which the legislature, were it enacting such a provision into the law, would use in a command to the courts. Then the whole section is of that detailed character which characterizes legislation intended to operate on the courts. It is not one of those general provisions directed to the legislature, which usually cover an entire subject-matter in a few words, and fix only limits of action, and vest a wide discretion as to the manner in which the mandate of the constitution shall be carried out. More than this, there is language in the section which is inconsistent with the view that it is not self-executing. Thus, near the end of the section, occurs this clause: "That this section shall not deprive an employé of a corporation or his legal or personal representative of any right or remedy that he now has by the law of the land." If the latter clause were not self-executing, then this particular provision in it should read: "And legislation in accordance with this section shall not be construed to deprive any employé in a corporation or his legal or personal representatives of any right or remedy that he now has by the law of the land;" for, if the entire article were not self-executing, then it would not operate directly on any right or remedy previously existing, and the protection of the proviso would naturally be directed to the legislation executing the mandate, rather than to the mandate itself. Again, the final clause of the article

excludes any other construction than that we have given. It is: "The legislature may extend the remedies herein provided for to any other class of employés." This certainly implies that so much of the article as precedes the clause actually provides remedies for those mentioned in it, and leaves to the legislature power to enlarge the benefits of the article by applying it to others than those named in the article. But it is said that the fact that the legislature of Mississippi in 1892 treated this as a mandate to the legislature to pass legislation giving the remedies therein described is a legislative construction of the article to the effect that it was not self-executing. We do not so regard it. On the contrary, when the legislature of Mississippi came to embody this in the statute, it adopted the exact language of the article of the constitution, omitting only that clause of it which provided that the legislature might extend the remedy to other classes of employés. This shows that, in the opinion of the Mississippi legislature, the clause was sufficiently specific to operate upon the rights, remedies, and persons therein referred to, without further provision or detail.

The conclusion which we have reached is in accordance with the decision of the supreme court of Mississippi, and this settles the question for us. In Welsh v. Railway Co., 70 Miss. 20, 11 South. 723, it appeared that Welsh was a switchman in the employ of the Alabama & Vicksburg Railway Company, his duty being to ride upon the switch engine, and to open and close switches and couple cars. His usual station was on the footboard of the engine. He was injured by falling from the footboard, while engaged in the performance of his duties, and brought his action to recover damages, on the ground that the fastening of the footboard was insecure by reason of the negligence of the company. The court gave a peremptory instruction for the defendant, on the ground of contributory negligence of the plaintiff. The supreme court held that the view of the court below would have been correct before the enactment of section 193 of the present constitution, but continued: "Section 193 of the present constitution practically destroys the defense in cases where no willful or reckless negligence can be predicated of the conduct of the injured and complaining employé. The change is radical, sweeping, unambiguous, and we must enforce it as written." This decision was rendered in October, 1892, before the legislature of Mississippi had embodied the constitutional clause in the statute. Therefore, the accident which was the subject of consideration there happened after the adoption of the constitution, and before the passage of the act by the legislature. The clause of the constitution we are considering was also enforced as self-executing in the case of Railroad Co. v. Hunter, 70 Miss. 471, 12 South. 482, in respect to a personal injury happening in March, 1892. It is true that the question was not mooted in either of these cases, and they are not, therefore, so strong authority as they otherwise would be; but the reason why the question was not raised and decided is manifest from the course of decisions in that state with respect to the constitutional clause which was held not to be self-executing, in Groves v. Slaughter, 15 Pet.

449, by the supreme court of the United States, but was subsequently held to be so by the supreme court of Mississippi, in Green v. Robinson, 5 How. (Miss.) 80, Glidewell v. Hite, Id. 110, and Brien v. Williamson, 7 How. (Miss.) 14. In Railroad Co. v. Brookhaven Mach. Co., 71 Miss. 663, 16 South. 252, it was held that section 171 of the constitution of 1890, with reference to the jurisdiction of justices of the peace, was self-executing, and did not need legislation to carry it into effect. Our construction of the clause of the constitution as self-executing is quite in accordance with the weight of the authorities. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110; Johnson v. Parkersburg, 16 W. Va. 402; Washingtonian Home v. City of Chicago, 157 Ill. 414, 41 N. E. 893; People v. Hoge, 55 Cal. 612; State v. Babcock, 19 Neb. 230, 27 N. W. 98; Pierce v. Com., 104 Pa. St. 150; Ex parte Snyder, 64 Mo. 58; People v. Bradley, 60 Ill. 390; Yerger v. Rains, 4 Humph. 259; Thompson v. Bank, 19 Nev. 103, 7 Pac. 68.

The only remaining question for discussion is whether a federal court in Tennessee will enforce the Mississippi constitution with respect to the tort committed in that state. It is well settled by the decisions of the federal courts that, "while it is true that the statutes of a state have in themselves no extraterritorial force, yet rights acquired under them are always enforced by comity in the state and national courts in other states, unless they are opposed to the public policy or laws of the forum." Railroad Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978; Railroad Co. v. Mase, 27 U. S. App. 238, 11 C. C. A. 63, and 63 Fed. 114; Herrick v. Railway Co., 31 Minn. 11, 16 N. W. 413; The Antelope, 10 Wheat. 66; Smith v. Condry, 1 How. 28; The China, 7 Wall. 53, 64; Dennick v. Railroad Co., 103 U. S. 11; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Huntington v. Attrill, 146 U. S. 657, 670, 13 Sup. Ct. 224. The same view is taken by the courts of Tennessee. See Bank v. Walker, 14 Lea, 306; Woods v. Wicks, 7 Lea, 47; Robinson v. Queen, 87 Tenn. 445, 11 S. W. 38. There is nothing in section 193 of the Mississippi constitution, here under consideration, which is repugnant to the policy of the Tennessee law on the subject. In Tennessee the law applicable to such a case is not governed by statute, but, in accordance with the view taken by the courts of that state of the common law, knowledge by the employé of the defect in the machinery, whence his injury arose, is a defense to an action therefor against the master, unless the employé complains, and a promise to repair is made to him. Guthrie v. Railroad, 11 Lea, 372; Railroad v. Duffield, 12 Lea, 63; Railroad v. Kenley, 92 Tenn. 208, 21 S. W. 326. The provision of the Mississippi constitution as construed by the courts is that the company is liable for an injury caused by a defect in the machinery, unless the injury was due to the recklessness or wantonness of the employé. This is a mere change in the law in respect to the implied contract between master and servant, and, in only affecting such contracts in Mississippi made after its enactment, it is simply a variation from the common law of Tennessee, and is not to be regarded as repugnant to the spirit of the law of the latter state. The legislature of Tennessee has not hesitated to pass statutes which modify the rules

with respect to the effect of contributory negligence of plaintiffs in suits against railroad companies much more radically than the change thus effected in Mississippi. This may be seen by an examination of two cases in this court where such statutes were fully considered and construed in the light of the decisions of the supreme court of Tennessee. See Railroad Co. v. Roberson, 22 U. S. App. 187–216, 9 C. C. A. 646, and 61 Fed. 592; Nason's Adm'r v. Railroad Co., 22 U. S. App. 220–231 et seq., 9 C. C. A. 666, and 61 Fed. 605. So far as the record discloses, there was no request presented to the court to charge the jury that the constitutional clause was not a defense in case it should find that the injury resulted from the reckless negligence and wantonness of the plaintiff, and no exception seems to have been taken to the charge because of such an omission. Indeed, there was no evidence tending to show reckless negligence or wantonness on the part of the plaintiff.

The judgment of the circuit court is affirmed, with costs.