## DORMIDY v. SHARON BOILER WORKS.

(Circuit Court, W. D. Pennsylvania. January 18, 1904.)

### No. 11.

1. MASTER AND SERVANT—INJURY TO SERVANT—STATE STATUTES—CONSTRUCTION BY STATE COURT—EFFECT.

> Where a statute of a state in which a servant was injured (for which injury action was brought in the federal court of another state) provided that, if such injury was caused by the negligence of any person in the service or employment of the master to whose orders or directions the servant at the time of the injury was bound to conform, if such injury resulted from his having so conformed, the master was liable, and the highest court in such state had held that, where a servant suffered injury through the negligence of a co-employé, such statute vested a right of action in the servant against the master without regard to the contract of hiring, which was material only as creating the relation of master and servant, such construction was binding on the federal court on the trial of the action for such injury.

Motion for a New Trial.

W. S. & D. F. Anderson and L. K. & S. G. Porter, for plaintiff. Stone & Stone, for defendant.

BUFFINGTON, District Judge. In this case Martin Dormidy, the plaintiff, a citizen of Ohio, brought suit against the Sharon Boiler Company, the defendant, a corporation of Pennsylvania, to recover for injuries alleged to have been suffered by him, while an employé of said company, through the negligence of a co-employé to whose orders or directions he was bound to conform. The injury in question was received in the state of Alabama, where the plaintiff was sent by the defendant to aid in setting up boilers. On the trial, it appearing that any alleged negligence was that of a fellow servant, the court gave peremptory instructions for the defendant. A new trial was moved for, upon the argument of which authorities were cited which satisfy us the court failed to give due effect to the Alabama statute here involved. It is, of course, well settled that a federal court, sitting in one state, will enforce a right of action conferred by a statute of another state. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Van Doren v. Pennsylvania R. R., 93 Fed. 260, 35 C. C. A. 282; Illinois Central R. R. v. Ihlenberg, 75 Fed. 873, 21 C. C. A. 546, 34 L. R. A. 393. The Alabama statute before us provides:

> "When a personal injury is received by a servant or employé in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employé, as if he were a stranger, and not engaged in such service or employment, in the cases following: * * * (2) When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst in the exercise of such superintendence. (3) When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose orders or

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

directions the servant or employé, at the time of the injury, was bound to conform, if such injuries resulted from his having so conformed."

The court of highest resort of that state has held that where a servant suffers injury through the negligence of a co-employé this statute creates and vests in the servant a right of action against the master; that such right is not one based on the contract of hiring but is one created by the statute when the relation of master and servant exists; that the contract of hiring is material only as creating the relation of master and servant. In Hissong v. Richmond & Danville R. R., 91 Ala. 517, 8 South. 776, the Supreme Court of Alabama held, "The statute makes an employer answerable in damages, when an employé is injured in any of the classes of negligence specified therein." The construction of section 2590, Code 1886, was directly involved in Alabama R. R. v. Carroll, 97 Ala. 134, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163, and it was there said:

"The duties and liabilities incident to the relation between the plaintiff and the defendant which are involved in this case are not imposed by, and do not rest in or spring from, the contract between the parties. The only office of the contract under section 2590 of the Code is the establishment of a relation between them—that of master and servant; and it is upon that relation, that incident or consequence of the contract, that our statute operates. The law is not concerned with the contractual stipulations, except in so far as to determine from them that the relation upon which it is to operate exists. Finding this relation, the statute imposes certain duties and liabilities on the parties to it wholly regardless of the stipulations of the contract as to the rights of the parties under it, and, it may be, in the teeth of such stipulations. It is the purpose of the statute, and must be the limit of its operation, to govern persons standing in the relation of master and servant to each other in respect of their conduct in certain particulars within the state of Alabama."

The construction of its own statute by the court of highest resort of Alabama will be adopted in this case by this court. Northern Pacific R. R. Co. v. Hogan, 63 Fed. 105, 11 C. C. A. 51, and, so doing, we must hold that, if the facts in this case are such as come within the purview of the Alabama statute, it vests a right of action enforceable in the present case. It follows, therefore, the court erred in failing to give due weight to the statute.

The motion for a new trial is therefore granted.