6696

PAGAN v. SOUTHERN RAILWAY.

MASTER AND SERVANT—FELLOW-SERVANT—CONSTITUTIONAL LAW.—The engineer on a freight train and a brakeman thereon are fellow-servants. The rules in evidence in this case do not show the engineer was a superior officer or agent to the brakeman or that he had the right to control or direct his services within the meaning of sec. 15 of art IX of the Constitution. Duties imposed by law on the master and rule for ascertaining who are fellow-servants stated.

Before GAGE, J., Richland, December, 1905. Affirmed.

Action by Norman P. Pagan against Southern Railway From order of nonsuit, plaintiff appeals.

*Messrs. Logan & Edmunds* and *Nelson & Nelson,* for appellant, cite: *Doctrine of fellow-servants before Constitution of 1895:* 1 McMull, 386; 18 S. C., 268; 22 S. C., 564; 23 S. C., 529; 25 S. C., 134; 12 Ency., 932. *As modified by Constitution:* 67 S. C., 141; 70 Miss., 527; sec. 15, art. IX, Con.; 2 Lab. M. & S., sec. 639; 114 Fed. R., 918; 42 Fed. R., 383; 84 Miss., 574; 41 Fed. R., 202; 52 S. C., 438; 51 S. C., 79; 61 S. C., 468.

*Mr. E. M. Thomson,* contra, cites: *Engineer and brakeman are fellow-servants when performing their ordinary duties:* 25 S. C., 128; 40 S. C., 104; Con., art. IX, sec. 15; 56 S. C., 455; 70 Miss., 581; 36 A. & E. R. R. Cas. (N. S.), 149; 37 Ohio St., 665; 109 U. S., 483; 149 U. S., 368; 1 McM., 385; 50 L. R. A., 430; 51 S. C., 96.

October 26, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal, from an order of nonsuit, depends on whether a railroad company is liable to the plaintiff, who was a brakeman, for an injury received from being thrown from a freight train by the negligence of the engineer, in suddenly and without warning checking the speed of the train. The general rule in this State as to the negligence of fellow-servants is thus stated in *Brabham* v. *Tel. Co.,* 71 S. C., 56, 50 S. E., 716: "When one takes employment under another, he assumes the natural and ordinary risk of such employment, which includes the negligence of a fellow-servant whom the employer has selected with due care. In determining who are fellow-servants, the test or rule in this State is not whether the servants are of different grade, rank or authority, one of them having the authority to control and direct the services of another, but the test is in the character of the act being performed by the offending officer—whether it was the performance of some duty the master owed to the injured servant, the

performance of which duty the master had entrusted to the offending servant."

The duties imposed by law on the master are: "(1) To furnish safe and suitable appliances, and to see that they are kept in proper repair. (2) To provide a safe place to work. (3) To employ a sufficient number of servants to perform the labors of their employment. (4) To select competent servants." Until the adoption of the Constitution of 1895, these general rules in their full force applied to railroads, and exempted them from all liability to an employee for the negligence of a fellow-servant; and under these rules an engineer and a brakeman were held to be fellow-servants. *Boatwright* v. *R. R. Co.,* 25 S. C., 128; *Evans* v. *Chamberlain,* 40 S. C., 104, 18 S. E., 213; *Lyon* v. *C. & W. C. Ry. Co.,* 77 S. C., 336. By art. IX, sec. 15, of the Constitution of 1895, employees of railroads are given the same right of recovery as a person not an employee: (1) Where the injury results from the negligence of a superior officer or agent; (2) where it results from the negligence of a person having the right to control or direct the services of the party injured.

The conductor is the officer and representative of the railroad company in charge of the train; and the entire crew, including the engineer, is subject to his orders. The railroad rules introduced provide that the conductor shall have charge of the train to which he is assigned, and the direction and control of all persons employed thereon.

The plaintiff relies mainly on the following rules to show that the engineer is the superior of the brakeman, and that the brakeman is under his control or direction:

"Rule 502. As to Enginemen. They are jointly responsible with the conductor for the movement and protection of their train in accordance with the rules; and while they must obey all proper orders by the conductor or others, as provided by the rules, they are individually responsible for the observance of the rules relative to their duties, and must decline to obey any order by the conductor, or any other

person, which involves the violation of such rules, or peril to persons or property.

"Rule 516. * * * They must maintain, as far as practicable, regular and uniform speed, and must avoid sudden increase or checking of speed except when necessary to prevent accident. They must avoid excessive speed on down grades and run with due caution where the track is under repair, and at all points where there is reason to apprehend danger.

"Rule 545. * * * They must see that brakemen who are riding on their engines promptly return to their positions on the train, whenever it is necessary."

The engineer is in charge of the engine and, though subject to the orders of the conductor, it is essential that he should exercise a degree of discretion in the management of his engine. He has no authority over the brakemen, except to require them to leave the engines and return to their positions on top of the train; and it is to be observed, under the rules, the brakeman is never on the engine in the discharge of his duty, but only in taking temporary refuge in extremely cold or stormy weather. On the other hand, the brakemen are in charge of the brakes on freight trains, and, though subject to the orders of the conductor, they also are required to exercise a degree of discretion in the discharge of the duty imposed on them, as it appears by the following rules and others introduced in evidence. The portions of these rules we have italicized show this discretion in some circumstances extends to complete control of the train:

"Rule 663. As to Brakemen. When their trains are running they must ride on top of them, and *in such positions as to be able to control* them most effectually and to pass signals the whole length of the train.

"Rule 666. * * * *When the control of the train is dependent wholly or in part upon the manual application of the brakes, they must promptly perform this duty at all points where a necessity is apparent, without waiting for a*

*signal from the engineman or directions from the conductor,* and under all circumstances they must respond instantly to the engineman's call for manual application of the brakes. They must apply the brakes in such succession as to take up the slack of the train gradually and avoid breaking it in two; must not slide the wheels, and on long grades must release each brake at such intervals as may be necessary to avoid excessive heating of the wheels.

"Rule 659. * * * Freight brakemen will report to and receive instruction from the trainmaster. When on duty they must obey the orders of the conductor."

As the engineer is in charge of the engine, so is the brakeman in charge of the brakes—both exercising a degree of control over the management of the train, both subject to the orders of the conductor, but not of each other. The fact that the management of the engine requires greater intelligence and more discretion than the management of the brakes does not constitute the engineer an officer or agent superior to the brakeman. To make the superiority of the officer or agent within the meaning of the Constitution depend on the shades of intelligence or discretion required in carrying out the rules of railroad companies, would be to sweep away the whole fellow-servant doctrine as applied to railroads, in opposition to the clear meaning of the Constitution.

Nor does the requirement that the brakeman shall respond to the signals of the engineer determine the relation. The engineer, and even conductor, must respond to the signals of flagmen and switchmen; but responding to a signal in obedience to a rule requiring response, obviously, does not signify that the employee that gives the signal is a superior officer or agent, or that he has a right to control or direct the services of him who acts on it.

The relation of a fireman to an engineer is entirely different from that of the brakeman. The fireman works on the engine as the immediate subordinate of the engineer who directs his services. As to him, we do not see how it could

27—78

be doubted the engineer would be, under the Constitution, a person for whose negligence the railroad company would be liable. The force of the reasoning and the weight of the authority of the cases so holding are fully recognized. *So. Ry. Co.* v. *Cheaves* (Miss.), 36 So., 691; *Ragsdale* v. *R. R. Co.*, 42 Fed., 383. But these cases do not discuss and have no application to the relation of engineer and brakeman.

In *Evans* v. *L. N. O. & T. Ry. Co.*, 12 So., 581, the Supreme Court of Mississippi decided the precise question here under consideration, the constitutional provision of that State being the same as ours. In discussing the relation of engineer and brakeman, the Court thus clearly states the meaning of the Constitution: "As to these the relation of superior and subordinate does not exist, but they are co-equal, co-ordinate co-operators, each with a part to perform, like different members of the human body; each with appropriate functions; some with greater or less honor, it may be, but all necessary co-efficients in the complete whole. Neither can say to the other, 'I have no need of thee,' or claim superiority or right to control or direct the service of the other in obeying the rule prescribed for and obligatory on all alike. Their relation is correlative. They have reciprocal duties in enforcing the rules of a common superior for the successful operation of the train, and superiority or right to control, in the sense of the Constitution, cannot be affirmed of them. The constitutional provision has reference to a superior agent or officer of the sort well known as such, and any other person in the company's service, by whatever name, who may be invested with the right to control or direct the services of others, according to his discretion and judgment, one to whom is committed the discretion or control of others for the accomplishment of some end dependent upon his independent orders born of the occasion, springing from him as director, and not consisting of the mere execution of routine duties in pursuance of fixed

rules by various employees, each charged with certain parts in the general performance."

In construing a statute similar in terms to our constitutional provision, the Supreme Court of Ohio also held the engineer and brakeman not to sustain the relation of superior and subordinate. *Cleveland, etc., Ry. Co.* v. *Shanower*, 71 N. E., 279.

We are of the opinion that an engineer of a freight train is a fellow-servant of the brakeman and is not a superior officer or agent, nor a person having a right to direct or control the services of the brakeman. The railroad company, therefore, is not liable for an injury to a brakeman caused by the negligence of the engineer on the same train.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.