## BLACKLOCK *v.* SMALL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 148. Argued April 10, 11, 1888. — Decided April 23, 1888.

Two plaintiffs, citizens of Georgia, brought a suit in equity, in the Circuit Court of the United States for the District of South Carolina, against S., a citizen of South Carolina, and H., a sister of the plaintiffs, also a citizen of South Carolina, to set aside the alleged payment by S. to R., another defendant, of a bond and mortgage given by him to B., the father of the plaintiffs and of H., and to have the satisfaction of the

mortgage annulled, and the bond and mortgage delivered up by S., and the bond paid, and the mortgaged premises sold. Before the alleged payment to R., B. had assigned the bond to R., in trust for the three children. When the suit was brought, B was a citizen of South Carolina: *Held*, that, as B. could not have brought the suit, the Circuit Court was forbidden to take cognizance of it, by § 1 of the act of March 3, 1875, c. 137, 18 Stat. 470:

This suit was a suit founded on contract, in favor of an assignee, and was not a suit founded on the wrongful detention by S. of the bond and mortgage.

The defendant H., by answer, joined in the prayer of the bill, and asked to have the bond and mortgage declared valid in the hands of R., as trustee, for the benefit of H. and the plaintiffs, and for a decree that S. pay to H. and the plaintiffs the amount secured by the bond and mortgage: *Held*, that as H. and S. were, when the suit was brought, both of them citizens of South Carolina, the Circuit Court had no jurisdiction.

As that court had dismissed the bill on the merits, with costs, and the plaintiffs and H. had appealed to this court, the decree was reversed, with costs in this court against the appellants, and the case was remanded, with a direction to dismiss the bill for want of jurisdiction, without costs of that court.

THIS was a bill in equity, filed on the 8th of October, 1879, in the Circuit Court of the United States for the District of South Carolina, by Emma Jane Blacklock and Mary Blacklock, citizens of Georgia, against Jacob Small, a citizen of South Carolina, Alexander Robertson, a citizen of North Carolina, and Helen Robertson Blacklock, a citizen of South Carolina.

The substance of the allegations of the bill was that, on the 20th of March, 1860, John F. Blacklock, the father of the plaintiffs, owning a house and lot in the city of Charleston, in the State of South Carolina, sold and conveyed it to the defendant Small, who, on the same day, gave back to Blacklock a bond and mortgage, the mortgage covering the house and lot, and being given to secure the payment on the bond of the sum of $10,600, by three equal and successive annual instalments, the first one payable on the 20th of March, 1861, with interest from the date of the bond and mortgage, payable annually; that the purchase money of the house and lot was $16,000, of which $5400 was paid in cash at the time; that Blacklock, the mortgagee, after receiving from Small, on the

19th of March, 1861, $742 for one year's interest, at 7 per cent, on the bond, indorsed on it the following assignment: "For value received, I hereby assign, transfer, and set over all my right, title, and interest in this bond to Alexander Robertson, in trust for children of J. F. Blacklock. J. F. Blacklock;" that the assignee was the defendant Robertson, and the "children of J. F. Blacklock" were the plaintiffs and the defendant Helen Robertson Blacklock; that Small pretended to pay the bond by making payments to Robertson as follows: On the 19th of October, 1861, $3600 on account of principal and $147 for interest; on the 4th of April, 1862, $2000 on account of principal and $490 for interest; and, on the 10th of April, 1862, the balance of the principal and interest; making such payments in the treasury notes of the Confederate States; that upon the receipt thereof Robertson satisfied the mortgage and delivered up the bond to Small; that, at the time of the creation of the trust in the hands of Robertson, the children of Blacklock were infants; that in May, 1861, Blacklock went with the children to England, and remained there until the close of the war; that Robertson, in receiving such payments in the treasury notes of the Confederate States, violated his duty and was guilty of a breach of trust; that Small, in attempting to pay the debt in an illegal currency, with full notice of the trust, had not paid the debt; that the satisfaction of the mortgage was void, and its lien was still subsisting; and that Small was still liable for the amount due on the bond, with interest.

The prayer of the bill was, that the payment of the bond in Confederate treasury notes may be disallowed; that the satisfaction of the mortgage may be annulled and the mortgage be reëstablished and declared a subsisting lien on the land; that Small may be ordered to deliver up the bond and mortgage to the plaintiffs; and that the plaintiffs may have a decree for the payment to them by Small of the amount due and for a sale of the mortgaged premises.

Small appeared in the suit and interposed a plea that the court had no jurisdiction of the cause, because the plaintiffs as well as himself were citizens of South Carolina when the bill

was filed. On issue joined on this plea, it was overruled, and Small put in an answer to the bill, as did also Robertson.

The defendant Helen Robertson Blacklock put in an answer, admitting the allegations of the bill, and averring that Robertson held the bond and mortgage as a trustee for herself and her sisters, in whom was the real and actual interest therein; that the attempted payment by Small was without legal effect; that the bond and mortgage were still the property of the defendant and her sisters; and that she joins in the prayer of the bill that the pretended payments of the bond, by Small to Robertson, and the satisfaction entered on the mortgage, be declared null and void, that the bond and mortgage be declared valid and subsisting obligations of Small to Robertson, as the trustee of a trust for the benefit of the defendant and her sisters, and that Small be decreed to pay the defendant and the plaintiffs the amount of money secured by the bond and mortgage.

Under replications to the answers, proofs were taken by the several parties. The case was heard on its merits, and a decree was made dismissing the bill, with costs. From this decree the plaintiffs and the defendant Helen Robertson Blacklock appealed to this court.

*Mr. B. H. Rutledge* (with whom was *Mr. James Lowndes*) for appellants contended, on the question of jurisdiction, as follows ·

I. " The distinction, as it respects the application of the 11th section of the Judiciary Act to a suit, concerning a chose in action is this — when the suit is brought *to enforce the contract,* the assignee is disabled unless it might have been brought in the court if no assignment had been made; *but if brought for a tortious taking or wrongful detention* of the chattel, *then the remedy accrues to the person who has the right of property or of possession at the time, the same as in case of a like wrong in respect to any other sort of personal property.*" *Deshler* v. *Dodge,* 16 How. 622, 631.

" The assignee of a chose in action may maintain a suit in

the Circuit Court to recover possession of the specific thing ; or damages for its wrongful caption or detention, though the court would have no jurisdiction of the suit if brought by assignors." *Bushnell* v. *Kennedy*, 9 Wall. 391.

What is the fundamental character of this suit? To recover possession and control of specific papers — tortiously taken and wrongfully detained — by virtue of an act apparently legal on the face of the papers, but totally illegal and without effect. If "founded on contract," the court is without jurisdiction. If founded on tort, it has jurisdiction. The question is purely technical.

(*a*) There is no essential difference in principle between Deshler's and the present case. *In each* the assignee sues when the assignor could not. *In each* the critical contention is to obtain possession of a specific personal chattel — bank-notes in one — bond and mortgage in the other — of which the defendant had possession under an apparent claim of right, viz., an unlawful distress in the one, and an unlawful payment in the other. *In each* the crucial point is whether the act under which the defendant claims is lawful or not. If lawful, the possession is lawful; if unlawful, it is tortious.

There are slight differences in the facts of the cases. Deshler proceeded by replevin. The Blacklocks by bill in equity. Either course is correct. The latter is the most approved. The same doctrine applies to other instruments and securities, and other evidences of property which are improperly withheld from the persons who have an equitable or legal interest in them, or who have a right to have them preserved. This redress, a court of common law is for the most part incapable of affording, since the prescribed forms of its remedies rarely enable it to pronounce a judgment *in rem* in such cases which is or can be made effectual. It is true that an action of detinue or even replevin might in some few cases lie and give the proper remedy if the thing could be found; but generally in actions at law damages only are recoverable, and such a remedy must in many cases be wholly inadequate. This constitutes the true ground for the prompt interposition of courts of equity for the recovery of the specific deeds or other instruments.

(*b*) But it may be said — the ulterior object — to obtain payment of the bond — determines it to be " founded on contract." It was not so considered in Deshler's case. It is true if the contract of the bond and mortgage had not been made, this suit could not exist. But it is equally true, if Small had not got these papers into his possession by an illegal and tortious act, this suit could not exist. It is most natural and appropriate for the plaintiffs to set aside the tort before they attempt to proceed on the contract.

(*c*) Also that the structure of the bill shows contract to be its foundation. *Prima facie* there is no contract remaining. Small says there is not, that it has been discharged by a given act, and is as if it had never been, and the papers are his. Who is to determine this? It stands until it is annulled by the court. The bill asks that it be annulled — the lien of the mortgage declared existing — and the papers delivered into the custody of the owners. Why not? If the act was illegal, the rest follows *ex necessitate.*

(*d*) Also that the bill prays foreclosure, and this shows the true inwardness of the case. The practice of equity is thus stated by this court: "Having obtained rightful jurisdiction of the parties and the subject matter of the action *for one purpose*, the court will make its jurisdiction effectual for complete relief." *Ober* v. *Gallagher*, 93 U. S. 199, 206; *Tayloe* v. *Marine Ins. Co.*, 9 How. 390; *Ward* v. *Todd*, 103 U. S. 327; *Quattlebaum* v. *Black*, 24 So. Car. 55.

The rulings of *Deshler* v. *Dodge* and *Bushnell* v. *Kennedy* are not denied, nor are those of *Ober* v. *Gallagher;* but it is said the rule of the last case does not apply *because*, " although the court has obtained rightful jurisdiction *of the parties and subject matter* of the action for one purpose, *it cannot* proceed to adjudicate *another subject matter embraced in the suit*, of which it is expressly forbidden to take cognizance." But Chief Justice Marshall says in *Osborn* v. *Bank of the United States*, 9 Wheat. 738, 822, if jurisdiction is once obtained, " then all other questions must be decided as incidental to this, which gives that jurisdiction — These other questions cannot arrest the proceedings."

The analogy between this proceeding and bills for discovery, where general relief is given, although the right of discovery alone gives jurisdiction, is instructive. And further, the subject matters of the suit are, although distinct in one aspect, intimately connected. The tort is the root of the suit, and gives it its fundamental and jurisdictional character; and it is necessary that it shall be first declared before a right of action accrues on the mortgage or bond.

In *fact* and in law, the foreclosure or further proceedings can and will be simply "in addition to, and continuance of" — ancillary to the original suit — and such proceedings are maintainable "without reference to the citizenship or residence of the parties." *Krippendorf* v. *Hyde*, 110 U. S. 276; *Jones* v. *Andrews*, 10 Wall. 327; *Pacific Railroad* v. *Missouri Railroad*, 111 U. S. 505; *Dewey* v. *Gas Coal Co.*, 123 U. S. 329.

II. If the parties on the record — plaintiffs and defendants respectively — are citizens of *different* States — and thus far the jurisdiction is unobjectionable, *is it ousted* by the fact that one defendant, who has a *like* but *several* interest with the plaintiffs — is a citizen of the *same* State, *with the defendant* against whom the plaintiffs make their contention?

The plaintiffs have a constitutional right to sue in the Federal courts. In all the cases where this right is denied, *either* a citizen of the *same* State with defendant has joined in the suit as plaintiff; *or* has made a formal — not a substantial release to the plaintiffs — by such means to juggle into the jurisdiction; *or* otherwise sought to trick themselves into the jurisdiction. *Removal Cases*, 100 U. S. 457; *Barney* v. *Baltimore*, 6 Wall. 283; *Williams* v. *Nottawa*, 104 U. S. 209; *Peninsular Iron Co.* v. *Stone*, 121 U. S. 631; *Sewing Machine Companies' Case*, 18 Wall. 553.

If the principle contended for is admitted, the rights of citizens dependent *on the Constitution* are eliminated: and in its place the volition of one or more persons is substituted as the basis of jurisdictional right.

*Mr. James Simons* and *Mr. Samuel Lord* for appellees.

Mr. Justice Blatchford, after stating the case, delivered the opinion of the court.

It appears by the proofs in the record that John F. Blacklock, the assignor of the bond, was, at the time of the assignment, a citizen of South Carolina, and continued to be such until this suit was commenced, and that the defendant Small was, when this suit was commenced, a citizen of South Carolina. Under these circumstances, the provision of the 1st section of the act of Congress of March 3, 1875, c. 137, (18 Stat. 470,) applies to this case. That provision is as follows: "Nor shall any Circuit or District Court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange."

The present suit is a suit against Small, founded on contract, namely, his bond and mortgage in favor of the plaintiffs, who claim only under the assignment made by their father, John F. Blacklock, to the defendant Robertson. John F. Blacklock could not have prosecuted this suit in the Circuit Court of the United States for the District of South Carolina, to recover on the bond and mortgage against Small, if he had made no assignment of the bond to Robertson, for the reason that he and Small were not citizens of different States when the suit was commenced, but were both of them at that time citizens of South Carolina.

In answer to this objection, it is contended by the appellants, that this suit is not to be regarded as a suit founded on the contract of Small, to recover thereon, but is to be regarded as a suit for the delivery of the bond and mortgage by Small to the plaintiffs, founded on their wrongful detention, and that the rest of the relief prayed by the bill is ancillary and incidental; and the cases of *Deshler* v. *Dodge,* 16 How. 622, and *Bushnell* v. *Kennedy,* 9 Wall. 387, are cited as authorities; but they do not apply.

· The case of *Deshler* v. *Dodge* was an action of replevin, brought by a citizen of New York against a citizen of Ohio,

in the Circuit Court of the United States for the District of Ohio, to recover possession of a package of bank bills. The title of the plaintiff to the contents of the package was derived by the assignment from corporations of Ohio. This court held that the action could be maintained, although the assignors could not have brought the suit, and that the suit was not one to recover the contents of a *chose in action* within the meaning of § 11 of the Judiciary Act of September 24, 1789.

In *Bushnell* v. *Kennedy* it was said, though not determined, because not necessary to that case, that the provision of the 11th section of the Judiciary Act of 1789 did not apply to a naked right of action founded on a wrongful act or a neglect of duty, to which the law attached damages.

In the present case, the bill is clearly one for a decree against Small for the amount of the bond, and for a foreclosure of the mortgage and a sale of the mortgaged premises.

There is another difficulty in the case, on the question of jurisdiction. The bond was a unit; the mortgage was a unit; and the assignment of the bond by Blacklock to Robertson in trust for the children of Blacklock was a unit. The bond cannot be enforced against Small, nor can the mortgaged premises be sold, in favor of the two plaintiffs alone. The relief asked in the suit must necessarily be for the benefit of the defendant Helen Robertson Blacklock, as well as for the benefit of the plaintiffs, especially as, by her answer, she ranges herself on the side of the plaintiffs as against Small, joins in the prayer of the bill, and asks that the payment of the bond and the satisfaction of the mortgage be declared void, and that the bond and mortgage be declared valid in the hands of Robertson, as trustee, for the benefit of herself and the plaintiffs, and that Small be decreed to pay to herself and the plaintiffs the amount of money secured by the bond and mortgage, with interest. The suit is, therefore, shown to be one substantially by and for the benefit of Helen Robertson Blacklock, and the proofs show that, at the time of the commencement of the suit, she was, and has since then always continued to be, a citizen of South Carolina, of which State Small was and -

is a citizen. *Ayres* v. *Wiswall*, 112 U. S. 187 ; *Thayer* v. *Life Association*, 112 U. S. 717; *New Jersey Central Railroad Co.* v. *Mills*, 113 U. S. 249 ; *Louisville & Nashville Railroad* v. *Ide*, 114 U. S. 52.

The Circuit Court ought, therefore, to have dismissed the bill for want of jurisdiction, and not upon the merits. For this error, its decree is reversed, with costs in this court against the appellants, because the reversal takes place on account of their fault, in invoking the jurisdiction of the Circuit Court when they had no right to resort to it, *Mansfield, Coldwater & Lake Michigan Railroad* v. *Swan*, 111 U. S. 379, 388, 389, and

*The case is remanded to the Circuit Court, with a direction to dismiss the bill for want of jurisdiction, without costs of that court.*