## MANGELS v. DONAU BREWING CO. et al.

(Circuit Court, D. Washington, W. D. November 23, 1892.)

FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

A mortgage bondholder sued for a foreclosure, in behalf of himself and all the other bondholders, and the latter, though not made parties, intervened, by leave of court, and prayed a foreclosure. The controversy consisted of a cluster of questions, involving the validity of the mortgage, and the right of the bondholders to foreclose it. *Held*, that all such bondholders were indispensable parties, and, in determining the jurisdiction of the court, they were all to be considered as parties plaintiff; and, it having appeared that one of them was a citizen of the same state with several of the defendants, the jurisdiction failed. Stewart v. Dunham, 5 Sup. Ct. Rep. 1163, 115 U. S. 61, distinguished.

In Equity. Bill by John Henry Mangels against the Donau Brewing Company and others to foreclose a mortgage given to secure the payment of certain bonds. On demurrer to the amended bill. Demurrer sustained, and suit dismissed.

Prichard, Stevens, Grosscup & Seymour, for complainant.
J. M. Ashton and Crowley & Sullivan, for interveners.
Galusha Parsons, for demurrant.

HANFORD, District Judge. A citizen of California, being the owner of part of a series of bonds, brings this suit in behalf of himself and all the other owners of said bonds, to foreclose a real-estate mortgage given to a trustee to secure the same, alleging that default has been made by the mortgagor, and that the trustee has refused to commence foreclosure proceedings. The mortgagor is a corporation organized under the laws of this state for carrying on the business of a brewer. Said trustee is a citizen of this state. The bonds issued are 120 in number, each for $500. The plaintiff holds but 20 of them, and in his bill avers that all of the series were sold and delivered, but that the names of some of the purchasers are unknown to him. The pleader seems to have been careful to so frame the bill as to not allege that all the purchasers of said bonds, not held by himself, are unknown to him, and to avoid saying anything as to the names, citizenship, or places of residence of the present holders of the other bonds. The mortgagor and trustee are made defendants; also several other corporations and individuals, who are alleged to have or claim interests in the mortgaged property, the nature of which interests are unknown to the complainant. None of them are alleged to be bondholders, and it is not alleged that any of the other bondholders have refused to be joined as plaintiffs, nor that those who are known to the plaintiff have been made parties to the suit, nor that it is impracticable to do so. The other bondholders have, however, by leave of the court, intervened, and they are now, independently of the plaintiff, in court, asking to have the mortgage foreclosed. Their petitions on file show that one of said interveners, holding the major part of said bonds as collateral security for a debt, is a foreign corporation, authorized to transact business in the state of California, and having an office there; and the other intervener,

by whom all the remainder of said bonds are now owned, is the National Bank of Commerce of Tacoma, a citizen of this state, in so far as its citizenship affects the question of jurisdiction. The Washington National Bank, a defendant, having some interest in the case, the nature of which is not disclosed, has demurred to the complainant's amended bill, alleging several grounds therefor. On the argument many questions subordinate to the main question of jurisdiction were discussed, but it is not necessary for me to decide or refer to them.

The only ground upon which it can be supposed that a United States circuit court can take jurisdiction of this case is to be found in the assumption that the case involves a controversy between citizens of different states. Whether or not the facts appearing by the record justify this assumption is the only question requiring a decision. In order to decide that question I am required to arrange the parties on opposite sides of the controversy, according to their respective interests and contentions. When so arranged, it must appear "that those on one side are all citizens of different states from those on the other," or the jurisdiction must be denied. Removal Cases, 100 U. S. 468. Now I find the subject of the controversy in this case to be the mortgage. The controversy may be stated to be a cluster of questions, as to the existence and validity of said mortgage, and right of the bondholders to foreclose it. All of said bondholders are necessarily parties to the controversy. As beneficiaries under the mortgage their interests are joint, and a foreclosure cannot be decreed without an adjudication affecting all of them. They are all, therefore, indispensable parties to the suit. 2 Jones, Mortg. §§ 1367, 1368, 1383–1385. See, also, Gregory v. Stetson, 133 U. S. 579, 10 Sup. Ct. Rep. 422, in which the supreme court of the United States, speaking by Mr. Justice Lamar, says:

"It is an elementary principle that a court cannot adjudicate directly upon a person's right without having him either actually or constructively before it."

The position of the interveners as bondholders has the same bearing upon the question at issue, whether they appear in the case personally or constructively, through an authorized representative. I hold that, as the plaintiff assumed to act in behalf of all the bondholders in bringing the suit, the other bondholders are to be regarded as quasi parties from its inception, (19 Amer. & Eng. Enc. Law, 750;) and the plaintiff stands as their representative, instead of the trustee, who, by his refusal to act, has, in effect, disclaimed authority. Whether this is so or not, the bondholders are all parties to the controversy, and they must be taken into account in considering whether or not there is in the case any controversy between citizens of different states; and they must all be placed upon the affirmative side. Arrayed against them are the mortgagor and all the other defendants in the case. We have, therefore, on one side of the controversy a citizen of California, a foreign corporation, and a citizen of the state of Washington; and upon the opposite side are citizens of the state of Washington and citizens of several other states. There being on

one side a citizen of this state, and on the opposite side several citizens of the same state, the case is not, according to the rule given by the supreme court, one in which there is involved a controversy between citizens of different states, and the demurrer must be sustained for want of jurisdiction. Blacklock v. Small, 127 U. S. 104, 8 Sup. Ct. Rep. 1096.

The case is distinguishable from Stewart v. Dunham, 115 U. S. 61, 5 Sup. Ct. Rep. 1163, by the important consideration that in this case the primary object of the suit is to obtain an adjudication which must necessarily affect directly the interests of the interveners; whereas in the case referred to, which was a creditors' bill, the action of the court upon the petitions of intervening creditors, who claimed no liens upon the assets of the defendant, was merely incidental and ancillary. The question whether the court has jurisdiction of the case must be determined in the light of all the facts shown by the record at the time of the hearing. I am therefore constrained to hold that, although the demurrant does not appear to have such an interest as to entitle him to complain of a defect of parties, nevertheless, as it now affirmatively appears that the court is without jurisdiction, the case cannot proceed in this court. Morris v. Gilmer, 129 U. S. 325, 9 Sup. Ct. Rep. 289. Let there be a decree of dismissal.