GEORGE B. TZSCHUCK ET AL. V. WILLIAM D.
MEAD, JR.

FILED MARCH 3, 1896.   No. 6273.

Res Judicata: DEFICIENCY JUDGMENTS: COURTS: JURISDICTION.
Order of the circuit court of the United States for the
district of Nebraska, denying a deficiency judgment in a
foreclosure proceeding upon the cause of action herein
alleged, *held* to involve the merits of the cause, and not
the question of jurisdiction only.

ERROR from the district court of Douglas
county. Tried below before HOPEWELL, J.

*Edward W. Simeral*, for plaintiffs in error.

References: *Gould v. Evansville & C. R. Co.*, 91
U. S., 526; *Burner v. Hevener*, 26. Am. St. Rep. [W.

Va.], 948; *Ober v. Gallagher*, 3 Otto [U. S.], 199; *Ward v. Todd*, 103 U. S., 327; *Haines v. Finn*, 26 Neb., 380; *Mason v. Hartford P. & F. R. Co.*, 19 Fed. Rep., 55; *Parker v. Ormsby*, 141 U. S., 81; *Morris v. Gilmer*, 129 U. S., 315; *Des Moines Navigation & Railroad Co. v. Iowa Homestead Co.*, 123 U. S., 552; *Skillern v. May*, 6 Cranch [U. S.], 267; *McCormick v. Sullivant*, 10 Wheat. [U. S.], 192; *Holmes v. Oregon & C. R. Co.*, 9 Fed. Rep., 236; *Settlemier v. Sullivan*, 97 U. S., 444; *Erwin v. Lowry*, 7 How. [U. S.], 172; *Ex parte Watkins*, 3 Pet. [U. S.], 206; *Kennedy v. Georgia State Bank*, 8 How. [U. S.], 610; *Noonan v. Bradley*, 12 Wall. [U. S.], 129; *Whyte v. Gibbes*, 20 How. [U. S.], 541; *Daniels v. Tibbets*, 16 Neb., 666.

*William A. Redick, contra.*

References: *Mersneau v. Werges*, 3 Fed. Rep., 378; *Vannerson v. Leverett*, 31 Fed. Rep., 366; *Schribar v. Platt*, 19 Neb., 630; *Blacklock v. Small*, 127 U. S., 96; *Cameron v. McRoberts*, 3 Wheat. [U. S.], 591; *Bank of United States v. Moss*, 6 How. [U. S.], 31; *United States v. Huckabee*, 16 Wall. [U. S.], 414; *Morgan v. Plumb*, 9 Wend. [N. Y.], 287; *Bottorff v. Wise*, 53 Ind., 34; *Miles v. Caldwell*, 2 Wall. [U. S.], 35; *Sturtevant v. Randall*, 53 Me., 154; *Perkins v. Parker*, 10 Allen [Mass.], 22; *Hungerford's Appeal*, 41 Conn., 322; *Jackson v. Schoonmaker*, 2 Johns. [N. Y.], 229; *Clapp v. Maxwell*, 13 Neb., 542; *Taylor v. Larkin*, 12 Mo., 104; *Waddle v. Ishe*, 12 Ala., 308; *Hughes v. United States*, 4 Wall. [U. S.], 236; *Colby v. Parker*, 34 Neb., 510; *Stover v. Tompkins*, 34 Neb., 465.

POST, C. J.

On the 18th day of June, 1888, George W. Paul, a citizen of this state, executed to David Jamieson,

also a citizen of this state, a mortgage upon certain real estate in Douglas county to secure the three notes of the mortgagor bearing date of October 15, 1887, amounting in the aggregate to $2,570. Paul on the 11th day of September, 1888, sold and conveyed the mortgaged property to the plaintiff in error Tzschuck by deed containing the following recital immediately following the *habendum* clause: "Subject to a mortgage of $2,570 given to David Jamieson under date of June, 1888, and which mortgage the said George B. Tzschuck hereby assumes as a part of the purchase money for said lots and agrees to pay the same when due." Subsequently the defendant in error, William D. Mead, Jr., a citizen of the state of New York, filed in the circuit court of the United States for the district of Nebraska a bill in equity wherein he prayed for the foreclosure of said mortgage and for a deficiency judgment against Paul and Tzschuck. It was in said bill alleged that the complainant therein acquired said notes and mortgage by assignment from Jamieson, but without disclosing the citizenship of the latter, who was then, and had been since the execution of said notes, a citizen and resident of this state. Process was issued for and served upon the defendants named in accordance with the rules and practice of that court, and who in due time filed separate answers, as to which reference will be hereafter made, but in no way challenging the jurisdiction of the court over the persons of the defendants or the cause of action alleged. On July 8, 1889, a decree was entered in accordance with the prayer of said bill, accompanied by a finding that Tzschuck had assumed the payment of the mortgage therein mentioned, and was per-

Tzschuck v. Mead.

sonally liable for any deficiency remaining after applying in satisfaction thereof the proceeds of mortgaged property, and which decree was on his, Tzschuck's, written request stayed for the period of nine months. The stay having expired, the mortgaged premises were, on the 4th day of October, 1890, by a special master, sold to the Mead Investment Company, of which report was in due time made to the court. Subsequently, on the 20th day of October, the complainant therein, by his solicitor, moved for a confirmation of the sale and for a deficiency judgment against Paul and Tzschuck in the sum of $2,181.82, the ascertained balance due on the original decree. Tzschuck, by whom alone said motion was resisted, on October 23 entered a special plea to the jurisdiction of the court, and praying for the vacation of the decree of foreclosure on the ground that the complainant was a citizen of New York and that Jamieson, his alleged assignor, was when said proceeding was commenced, and had been since the execution of said notes, a resident and citizen of this state. The sale was, it appears, on November 10 confirmed, and the special master ordered to execute a deed to the purchaser, although the record of said order contains no reference to the motion for a deficiency judgment, or to the defendant's plea to the jurisdiction of the court. Counsel agree, however, that the motion for deficiency judgment was, at a subsequent term, sustained as to Paul, and that the motion, so far as it related to the claim against Tzschuck, was at a still later date overruled. The record of the last mentioned order, which has never been reversed or modified, is as follows: "This cause having been heard on the motion of the complainant for judgment for

deficiency arising under the sale of the mortgaged premises under the decree herein, and the court being fully advised in the premises, doth now on this day, order, adjudge, and decree that said motion be, and the same is hereby, overruled, to which ruling and order the complainant, by his solicitor, then and there duly excepted." The complainant therein, to whom the mortgaged property in the meantime had been conveyed by the purchaser at the master's sale, in the month of June, 1891, filed in the district court for Douglas county his petition in equity, to which both Paul and Tzschuck were made defendants, praying a foreclosure of said mortgage, and alleging that the proceedings of the circuit court, there set out, were void for want of jurisdiction. There was also a further prayer for deficiency judgment against the defendants named in case the decree of foreclosure and the sale thereunder were found to be valid. To that petition the defendant Tzschuck interposed, as a defense, the decree of the circuit court, and particularly the order overruling the complainant's motion therein for a deficiency judgment. The plaintiff, by way of reply, alleged (1) that the order relied upon did not involve the merits of the motion for judgment, but the jurisdiction of the court only; (2) that the answering defendant, by his plea to the jurisdiction of the circuit court, was estopped to assert said order as an adjudication of the merits of the claim therein made. Upon the issues thus joined a decree was in due time rendered quieting the plaintiff's title to the property described as against the several defendants, in which it was found that the motion for deficiency judgment was overruled by the circuit

court on the sole ground that said court did not
have jurisdiction of the cause, and the said order
was accordingly no bar to that action.   But in-
stead of awarding judgment as prayed, an order
was entered directing the plaintiff to so amend his
petition as to declare at law against the defendant
Tzschuck for the amount remaining unpaid of the
mortgage debt, and, in conformity with which,
pleadings were filed, upon which the cause was
subsequently tried to the same judge, who found
upon the issues thus joined for the plaintiff, and
upon which was entered the judgment presented
for review by means of this proceeding.   The
issues raised by the pleadings are substantially
the same as those involved in the proceedings to
which they are supplemental and do not require
extended notice at this time.

The controversy in this court, notwithstanding
the apparently complex character of the transac-
tions shown, involves a single question, to which
all others are merely incidental, and important
only in so far as they assist in its solution, viz.:
Did the circuit court, by the order denying the
deficiency judgment, determine the merits of the
complainant's claim therein against Tzschuck?
The judgment below is defended on the ground,
among others, that the finding of the district
court in the equity case is conclusive of the pres-
ent controversy; but that claim is certainly with-
out merit, for the reason, as we have seen, that
there was in that proceeding no final decree
against Tzschuck.   Such a record is no more avail-
able as an estoppel than would be the verdict of a
jury without a judgment.

Aside from the documentary evidence bearing
upon the subject, the solicitor for the complain-

ant therein testified that the only question presented to or determined by the circuit court upon the hearing of the motion was that of its jurisdiction to render a deficiency judgment against Tzschuck, although he in effect admits that there was on that occasion an intimation by the presiding judge that the complainant was entitled to a personal judgment against the party primarily liable for the mortgage debt and no other. The defendant therein testified in his own behalf that the judge in passing upon the motion remarked that the allowing of a personal judgment in a foreclosure proceeding against parties other than the mortgagor was discretionary, and had never been done in that court, in which he is to some extent corroborated by his solicitor. That evidence *aliunde* was admissible for the purpose of proving what issues were in fact tried and determined upon the hearing of the motion, is a proposition not controverted in this proceeding. We assume, therefore, that such evidence was rightly received; and if our judgment depended upon the testimony of the witnesses concerning the basis of the order in question, we could, without difficulty, agree to an affirmance of the judgment. We are, however, convinced that the trial judge either overlooked the evidence supplied by the record of the circuit court, or failed to accord it the consideration to which it is justly entitled.

We understand both parties to concede that the decree of foreclosure is valid and conclusive upon the parties thereto. It is true we find in the brief of defendant in error this language: "The United States court never had jurisdiction of the case of Mead v. Paul et al., because of the citizenship of Jamieson, assignor of the complainant,"—which

we interpret to mean that the circuit court would, had Jamieson's citizenship been disclosed before final decree, have refused to entertain the cause, or in any manner proceed therewith. That view is the correct one, and is sanctioned by numerous decisions of the supreme court of the United States in giving construction to the acts of congress defining the jurisdiction of the federal judiciary. (See *Blacklock v. Small*, 127 U. S., 96; *Parker v. Ormsby*, 141 U. S., 81.) Further reference to the statutes mentioned is deemed unnecessary for the purposes of the present controversy. Nor would a review of the decision upon the subject by the federal courts, in this connection, be of profit to the parties or to the profession. It is sufficient for our purpose that the circuit court, according to the bill of the complainant therein, had jurisdiction of the cause, and the decree rendered thereon cannot be regarded as a nullity. True, it might perhaps have been reversed or vacated on appeal, or even by that court, but its validity cannot be assailed in a strictly collateral proceeding. (See *Erwin v. Lowry*, 7 How. [U. S.], 172; *Des Moines Navigation & Railroad Co. v. Iowa Homestead Co.*, 123 U. S., 552.) It follows, as a necessary deduction from the foregoing proposition, that the circuit court was possessed of jurisdiction to make such orders, and take such steps as were necessary and appropriate for the enforcement of its decree, by sale of the mortgaged property, and by means of judgments and execution against the parties personally liable for the debt thereby secured.

Let us again, in the light of these rules, briefly summarize the essential facts of the case. The circuit court on November 10, 1890, expressly asserted its power to enforce the decree, by overrul-

ing Tzschuck's objection to its jurisdiction, and by confirming the master's sale previously made. It also at a subsequent day further asserted its jurisdiction by awarding personal judgment against Paul for the balance due on the notes executed by him; and later still denied the complainant's motion for judgment against Tzschuck. A reference to the last mentioned order (above set out) discloses no doubt in the mind of the court with respect to its jurisdiction over the subject involved, while on the contrary it clearly appears to include the merits of the motion. Had the decision involved the question of jurisdiction only, the complainant would, we are bound to presume, have insisted upon preserving his rights by a truthful recital of that fact in the record of the court. We are, therefore, in order to reach the conclusion of the district court, required to infer, upon extrinsic and conflicting evidence, not that the ruling of the circuit court is erroneous merely, but an intentional reversal by it of a previous ruling in the same cause, deliberately made and confessedly sound. Such an inference will not be indulged, since it is unreasonable and altogether inconsistent with the presumption which exists in favor of the judgments of courts of general jurisdiction. The judgment will accordingly be reversed and the cause remanded for further proceedings therein.

REVERSED.