### CINCINNATI, H. & D. R. CO. v. THIEBAUD.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1900.)

No. 661.

1. APPEAL—PRESUMPTIONS—FACTS NOT SHOWN BY RECORD.

It is not necessary in all cases that a bill of exceptions should expressly declare that it contains all the evidence or the whole case in order to repel the presumption that other facts may have been proven or other evidence given. It is enough if, from the frame of the bill, it is clearly implied that what is therein stated constitutes the whole of what took place on the trial.

2. MASTER AND SERVANT—INJURY OF SERVANT—EMPLOYER'S LIABILITY ACT OF INDIANA.

In the employer's liability act of Indiana (Laws 1893, pp. 294, 295), which provides that corporations shall be liable for damages for personal injury suffered by an employé through the negligence of co-employés, in certain cases, in the absence of contributory negligence, "and the person so injured obeying or conforming to the order of some superior, at the time of such injury, having authority to direct," the provision quoted, under the construction placed thereon by the supreme court of the state, does not require that the person injured should be acting at the time under any special direction of a superior, but is equivalent to a requirement that he shall be acting in the line of his duty as an employé; and a railroad engineer injured without negligence on his part while in charge of his engine, at a time and place when and where he had a right to be with his train, through the negligence of those in charge of another engine, must be presumed to have been at the time discharging the regular duties of his employment, and the case is within the statute.

3. SAME—CONSTITUTIONALITY OF ACT.

The Indiana employer's liability act is not in contravention of the fourteenth amendment to the federal constitution, as denying to corporations the equal protection of the laws by discriminating between them and individual employers.[1]

4. JURISDICTION OF FEDERAL COURT—ACTION BY ADMINISTRATOR FOR WRONGFUL DEATH—CITIZENSHIP OF PARTIES.

The statute of Indiana (Burns' Rev. St. 1894, § 285) gives an administrator a right of action for the wrongful death of his intestate if the deceased, had he lived, might have maintained an action for an injury for the same act or omission, and provides that the damages recovered shall inure to "the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Held, that an administrator in such an action sues as trustee, and not as a merely formal party, without interest, being vested by the statute with the legal title to the cause of action, and charged in his official capacity with the care and distribution of the amount recovered,

---

[1] See Constitutional Law, vol. 10, Cent. Dig. § 702.

and that his citizenship, and not that of the beneficiaries, must be considered in determining whether a federal court has jurisdiction of the action.

5. ADMINISTRATOR—VALIDITY OF APPOINTMENT—DOMICILE OF DECEDENT.

Under the statute of Indiana (Burns' Rev. St. 1894, § 2331), which provides that an administrator shall be appointed in the county—"First, where, at his death, the intestate was an inhabitant; second, where, not being an inhabitant, he leaves assets," a petition for letters of administration which was not controverted, and which alleged that the decedent left an estate in the county, was sufficient to authorize the appointment whether the deceased at the time of his death was a resident of the state or not.

6. WRONGFUL DEATH—ACTION FOR DAMAGES—RIGHT OF FOREIGN ADMINISTRATOR TO SUE IN OHIO.

Under Rev. St. Ohio, § 6133, which authorizes an executor or administrator duly appointed in another state to maintain an action in the courts of Ohio in his official capacity, "in like manner and under like restrictions as a nonresident may be permitted to sue," and section 6134a, which provides that a right of action for wrongful death accruing under the laws of another state may be enforced in Ohio "in all cases where such other state, * * * allows the enforcement in its courts of the statute of this state of like character," an administrator appointed in Indiana, where his decedent was killed, and who is given by the Indiana statute a right of action for the death in his official capacity, may maintain an action thereon in Ohio.

·In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This is a suit brought by Thiebaud, the defendant in error, as administrator of Sweetman, against the Cincinnati, Hamilton & Dayton Railroad Company, to recover damages arising from the death of the deceased, occasioned by the negligence of the company. The right of the administrator to bring such an action is founded upon a statute of Indiana, where the accident and death occurred, which provides that: "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed ten thousand dollars, and must · inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Burns' Rev. St. 1894, § 285. Sweetman was a locomotive engineer in the employment of the railroad company, and was killed in a collision with a freight engine on the defendant's railroad in Fayette county, Ind., between Longwood switch and Saulter's switch, on September 18, 1896, under the following circumstances: The deceased on that day was running an engine drawing the pay car of the defendant going eastwardly from Indianapolis, Ind., to Hamilton, Ohio. The defendant's freight train No. 95, also going eastwardly between those points, had been stalled near Longwood switch. The conductor of the freight train thereupon ordered part of the cars placed on the Longwood switch or side track, and proceeded with the balance of the train to Saulter's switch or side track, four and a half miles distant east, intending to come back to Longwood switch for the part of the train he left there. From Saulter's switch to Connersville is eight-tenths of a mile, and at said last-mentioned point a telegraph operator was stationed. Having placed said freight cars on the switch at Saulter's switch, the conductor and engineer of No. 95 started west with the locomotive and crew to get the cars which had been left at Longwood switch, and came into said collision with the deceased's locomotive east of Longwood switch. The conductor and engineer of freight train No. 95 had not left and did not leave a flagman or signals at Longwood switch, and did not go to Connersville to receive orders before proceeding westwardly to Longwood switch on the main

track; and in failing to leave a flagman or place signals at Longwood switch,. or in not going to Connersville to receive orders before proceeding westwardly on said main track, were, it is conceded, negligent, and said negligence was the cause of the accident. The bill of exceptions states that it was proven on the trial, and not disputed, that the deceased was guilty of no negligence, and had the right to be with his train at the place where and at the time when he was killed, and also that the railroad at that place consisted of a single track. The deceased left a widow and children, to whom the damages recovered would, under the Indiana statute above recited, inure. By the employer's liability act of Indiana in force when the accident happened it was enacted: "That every railroad or other corporation, except municipal, operating in this state shall be liable for damages for personal injury suffered by an employé while in its service, the employé so injured being in the exercise of due care and diligence, in the following cases: * * * (3) Where such injury resulted from the act or omission of any person done or made in obedience to any rule, regulation or by-law of such corporation, or in obedience to the particular instructions given by any person delegated with the authority of the corporation in that behalf. (4) Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, roundhouse, locomotive engine or train upon a railway, or where such injury was caused by the negligence of any person, coemployé or fellow servant engaged in the same common service in any of the several departments of the service of any corporation, the said person, coemployé or fellow servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of such injury, having authority to direct." Laws 1893, pp. 294, 295. The plaintiff's appointment as administrator was made in Indiana by the court having probate jurisdiction there. The validity of the appointment is denied by the plaintiff in error in this court, and the rejection of an offer of proof made of certain matters in the court below mentioned in the opinion which follows is relied on to support an assignment of error. On the trial of the case the court, upon the foregoing facts appearing or being conceded, instructed the jury that the verdict should be for the plaintiff, leaving the amount of the damages to be settled by them. To this instruction counsel for the railroad company excepted. The jury returned a verdict for $3,000 in favor of the plaintiff, whereon judgment was duly entered, and the case is brought here on writ of error.

Lawrence Maxwell, Jr., for plaintiff in error.

Harlan Cleveland and Charles M. Cist, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

In support of the assignments of error, it is contended by counsel in behalf of the railroad company:

1. That the case is not within the scope of the Indiana statute fixing the liability of employés. The contention is that it applies only to persons who are "obeying or conforming to the order of some superior, at the time of such injury, having authority to direct"; and it is said (which appears to be the fact) that there was no proof that the deceased was acting at the time under any special direction, or otherwise than in the discharge of the general duty of his employment. It is insisted for the defendant in error that the bill of exceptions does not purport to contain all the evidence, and that we may presume that proof was made of such facts as would show that the deceased was under such direction. But, although the bill of exceptions does not, in

terms, state that it contains the whole case which the evidence tended to make out, yet it purports to state the facts which did appear by the evidence and the admissions of counsel, and it does this in such a way as to indicate that the whole case, so far as the parties deemed it material to the exceptions taken, is presented. It is not in all cases necessary that the bill should expressly declare that it contains all the evidence, or the whole case, in order to repel the presumption that other facts may have been proven or other evidence given. It is enough if, from the frame of the bill, it is clearly implied that that which is stated constitutes the whole of what took place upon the trial. Ironwood Store Co. v. Harrison, 75 Mich. 197, 42 N. W. 808; Everett v. Clements, 9 Ark. 480; Leggett v. Grimmett, 36 Ark. 500; Robinson v. Hartridge, 13 Fla. 505. We therefore think that the question under discussion must be considered upon the assumption of the fact that the deceased was not, at the time of the accident, in the execution of any special order or direction.

Counsel for the plaintiff in error contends that the clause in subdivision 4, requiring that the person injured shall have been acting in obedience to the order of some superior, is to be construed in immediate connection with each of the two preceding clauses which describes the classes of persons who commit the injury, and reference is made to two cases decided by the supreme court of Indiana involving the construction of the third and fourth subdivisions of section 1 of the act (Laws 1893, pp. 294, 295). Railway Co. v. Little, 149 Ind. 167, 48 N. E. 862; Railway Co. v. Montgomery, 152 Ind. 1, 49 N. E. 582, 71 Am. St. Rep. 301. The classification made by the learned judge who delivered the opinion in the case of Railway Co. v. Little of the cases taken out of the operation of the fellow-servant rule by subdivisions 3 and 4 of section 1 of the act seems to require a construction different from that contended for. But the only question pertinent here actually involved and decided in that case was whether a brakeman was included in the classes of persons by whose negligence the injury is committed. It was held that he was not. In the Montgomery Case, however, it was distinctly held that the concluding clause was to be read in connection with each of the two clauses describing the persons by whose fault the injury happened. We are required to follow the construction of the act given by the supreme court of that state. But under the obligation of the same rule we are also required by the decision in the last-mentioned case to hold, as was there held, that the requirement that the injured person should be acting in conformity to the order of some superior is equivalent to a requirement that he should be acting in the line of his duty as an employé. Having regard to the well-known order of business of railroad companies, of which the court must take judicial notice, it could not be otherwise than that a subordinate, such as a locomotive engineer, when acting in the line of his duty as such, would be acting under the order of some superior. It is stated in the bill of exceptions that the deceased was guilty of no negligence and that he had the right to be with his train at the time and place when and where the accident occurred. This can have no other reasonable meaning than that he was discharging the regular duties of his employment. The negligence of the conductor and en-

gineer of the other train being conceded, it would seem that a case was made out fulfilling the conditions of the Indiana statute, and, as the accident and death happened in that state, that is the law applicable to the case. Railroad Co. v. Ihlenberg, 43 U. S. App. 726, 21 C. C. A. 546, 75 Fed. 873; Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439.

2. It was contended that this statute is in contravention of the four-teenth amendment to the federal constitution, which declares that "no state shall deny to any person within its jurisdiction the equal protec-tion of the law," in that it discriminates between corporations and all other persons. But during the pendency of this case on writ of error this point has been distinctly ruled the other way by the supreme court in Tullis v. Railroad Co., 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192,—a case arising under the same statute.

3. It is insisted that the circuit court of the United States in Ohio did not have jurisdiction, because, as the petition alleges, the suit is brought for the benefit of the widow and children of the deceased, who are alleged to have suffered damages by his death; and the point is that, as Thiebaud, the administrator, who brings this suit as a citizen of Indiana, is a nominal party only, having no interest in the recovery, the citizenship of the beneficiaries, who are citizens of Ohio, is to govern in determining the question of jurisdiction, and that by that test, the railroad company being also a citizen of Ohio, it does not exist. It has been held in numerous cases that where the plain-tiff in the suit has no interest, legal or equitable, in the recovery, but is put forward as a formal party in conformity to some statutory ap-pointment made for the purpose, the citizenship of the real party will furnish the test of jurisdiction so far as that party to the case is con-cerned. McNutt v. Bland, 2 How. 9, 11 L. Ed. 159; Huff v. Hutchin-son, 14 How. 586, 14 L. Ed. 553; Maryland v. Baldwin, 112 U. S. 490, 5 Sup. Ct. 278, 28 L. Ed. 822; Indiana v. Glover, 155 U. S. 513, 15 Sup. Ct. 186, 39 L. Ed. 243; Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. The case of Blacklock v. Small, 127 U. S. 96, 8 Sup. Ct. 1096, 32 L. Ed. 70, is also cited in the brief of counsel for the plaintiff in error. In this class of cases the nominal plaintiff has no title or interest in the subject of the suit, immediate or remote. He cannot control the litigation, and has no authority to meddle with it. On the other hand, it is well settled that where the plaintiff sues in the character of a trustee, being vested with the title to the subject of the litigation, even though it is destined to ulti-mately pass in due course to designated beneficiaries, it is his citizen-ship which is recognized in settling the question of jurisdiction. It is he who has the control of the action, and, so long as he faithfully dis-charges the duties of his trust, he is the only party to represent the interest he prosecutes. Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Knapp v. Railroad Co., 20 Wall. 117, 22 L. Ed. 328; Morris v. Landauer, 6 U. S. App. 510, 4 C. C. A. 168, 54 Fed. 23; Popp v. Rail-road Co. (C. C.) 96 Fed. 465. These citations of cases on either side are by no means exhaustive of the decisions on this subject, but they are sufficient to explain the principle of the distinction. We will refer to one or two comparatively recent decisions, which are supposed to

be not in harmony with the rules above stated. In Blacklock v. Small, 127 U. S. 96, 8 Sup. Ct. 1096, 32 L. Ed. 70, the case involved a somewhat different question. The plaintiffs were two of three beneficiaries, and brought suit against the obligor in a bond assigned to their trustee, against the trustee himself and the other beneficiary, to set aside the payment of the bond, which had been made in treasury notes of the Confederate States, of no value. The trustee was charged with a breach of trust in accepting such payment. The beneficiary who was made defendant, by her answer ranged herself with the plaintiffs, and prayed the same relief. It was held that she should be classed with the plaintiffs, and, as she was a citizen of the same state as the obligor in the bond, the court had no jurisdiction. The trustee was not suing. The beneficiaries were themselves the actors seeking direct relief, and it was therefore their citizenship which was to be considered in determining the jurisdiction of the controversy as between the parties before the court. In the case of Stewart v. Railroad Co., 168 U. S. 449, 18 Sup. Ct. 105, 42 L. Ed. 537, much relied on for the plaintiff in error, the deceased was killed by the negligence of the railroad company in the state of Maryland. The statute of that state required that the action should be brought in the name of the state. The action was brought in the District of Columbia, in the name of an administrator appointed there, the law of the District requiring that such an action should be so brought. The supreme court of the United States held that the action being transitory, and under the law of both jurisdictions, the plaintiff in whose name the suit was required to be brought being a merely nominal one, the action might be maintained. It will be noticed that the statute of the district required the action to be brought "in the name of the personal representative." The short explanation of the case is that, as both statutes required the action to be brought in the name of a formal party, the action was regarded as that of the beneficiaries, and the employment of the name of the administrator was simply conforming to the law of the forum in respect to the mode of procedure. The statutes in the several states providing a remedy for the benefit of the family or next of kin of the deceased who dies from the wrongful act of another differ in the mode by which it is accomplished, and this difference greatly affects the subject we are considering. In some a remedy is given directly to the beneficiaries. Such is the law of Tennessee, which was involved in the case of Railway Co. v. Hooper, 35 C. C. A. 24, 92 Fed. 820, which came to this court from that state. There either the administrator or the beneficiaries may sue. In others the right of action is devolved upon his personal representative. It is true that the recovery is not turned over to creditors, but that is a matter which relates merely to the administration of the fund, and the legislature which creates the law is perfectly competent to direct in this, as it does with reference to the proper assets of deceased persons, who shall be the beneficiaries; and when this is done by vesting the right of action in the personal representative he takes it for administration in the general meaning of the word as much as when he takes other property to collect and distribute to those designated by law. It is included in the duties of

his appointment, and he is responsible for the fund. The Indiana statute provides that the administrator may maintain an action if the deceased, had he lived, might have maintained an action for the same cause. The damages, when collected, are distributed to the family or next of kin. It is obvious that the beneficiaries cannot bring the action. They have only the right to ultimately receive the proceeds when the administrator shall have executed his trust. And this is the interpretation which the supreme court of Indiana puts upon this statute. Packet Co. v. Pikey, 142 Ind. 304, 40 N. E. 527. It was held in that case that the administrator held the fund when collected as the trustee of an express trust for the benefit of the persons named. In Yelton v. Railroad Co., 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158, the sole beneficiary had attempted to compromise the liability of the defendant while a suit by the administrator was pending. It was held that she (the widow in that case) had not the power to do this; and the court said:

"While actions under this section of the statute are prosecuted for the benefit of, and the damages inure to the exclusive benefit of, the widow and children of the deceased, yet it contemplates the collection of the damages by the administrator, and the turning of the same over to the widow and children on final settlement."

The statute as thus interpreted creates a trust, and names the trustee. We are unable to distinguish the case in this respect from those in which it has been repeatedly held by the federal courts that the trustee is the legal representative of the beneficiaries, and that his citizenship is the only one to be considered in determining the jurisdiction in respect to that side of the controversy.

4. The authority and jurisdiction of the probate court in Indiana, from which the administrator derived his appointment, is disputed, it being contended that Sweetman was not an inhabitant of Indiana, and left no assets there. And it is further insisted in this connection that the court below erred in excluding evidence tending to show these facts. We will deal with this last objection first. It is sufficient to say that this question is not presented by the record. It appears that, on a question being put to a witness in regard to the situs of certain personal effects of the deceased by counsel for the railroad company, objection was made that the appointment of the administrator could not be thus collaterally attacked. The counsel who put the question thereupon expressly disclaimed the purpose of attacking the appointment made by the court of probate, and stated his purpose to be to show that the claim for which the suit was brought was the whole of the estate, and that his purpose in doing this was to prove that the circuit court in which the case was being tried was without jurisdiction. There is nothing whatever in the record to show that the defendant below raised any question of the validity of the appointment so far as it related to existence of assets in Indiana. Then, as to the point that Sweetman was not an inhabitant of Indiana, the question raised relates to the effect of the record of the proceedings in the court of probate. The statute of Indiana (Burns' Rev. St. 1894, § 2381) relating to the granting of letters of administration provides that "such letters shall

be granted in the county; first, where, at his death, the intestate was an inhabitant; second, where, not being an inhabitant, he leaves assets." The record of the court of probate shows that a verified petition praying for the appointment of Thiebaud as administrator was filed in that court, showing that the deceased died in Fayette county, Ind., leaving a personal estate of the probable value of $100, and that his widow and next of kin were not residents of that state. It further states that the petition was granted; that Thiebaud was appointed administrator; that he filed a proper bond as such, which was approved; that he took the oath of office, and that letters of administration were issued to him. , Conceding that it inferentially appears from this and other recitals in the record that the court of probate assumed that Sweetman was an inhabitant of Fayette county, Ind., at the time of his death, and conceding also that he was not, but was an inhabitant of Ohio, still the petition, which was verified, and not disputed, showed that he left assets in the county, and that was sufficient whether he was an inhabitant of the county and state or not. If the court was in error in assuming one of the conditions to an appointment to exist, still, if other conditions existed, which, independently of the first, authorized the appointment, they would constitute a sufficient basis for the order. But there is not in the record anything which shows with positiveness that the letters were granted upon the assumption that Sweetman was such inhabitant of Indiana. All that we find upon that subject on which to base an inference that the court based the appointment upon the ground that the deceased was an inhabitant of Indiana is that he is described in the probate record as "Chris Sweetman, late of Fayette county." We perceive no sufficient reason for doubting that the appointment was valid. The question whether it was competent for the defendant in the court below to have proven that the conditions were such that the court of probate had no authority at all to appoint an administrator is, as we have said, not presented for our decision, and we therefore express no opinion upon it.

5. It is further contended that Thiebaud, having been appointed administrator in Indiana only, cannot maintain this action in Ohio. This would undoubtedly have been so at the common law. Story, Confl. Laws, 513; Johnson v. Powers, 139 U. S. 156, 11 Sup. St. 525, 35 L. Ed. 112. But the Revised Statutes of Ohio contain the following provisions:

"Sec. 6133. An executor or administrator duly appointed in any state or county may commence and prosecute any action or proceeding in any court in this state in his capacity of executor or administrator, in like manner and under like restriction as a nonresident may be permitted to sue."

"Sec. 6134a. Whenever death has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state in all cases where such other state, territory or foreign country allows the enforcement in its courts of the statute of this state of a like character," etc.

The state of Indiana gives such right of action as is mentioned in section 6134a of the Ohio Statutes, as is shown by the cases of

Burns v. Railroad Co., 113 Ind. 169, 15 N. E. 230, and Railroad Co. v. McMullen, 117 Ind. 439, 20 N. E. 287, 10 Am. St. Rep. 67. This removes all objection which may have existed upon the ground of the public policy of Ohio. Section 6133 of the Ohio Statutes in very broad terms concedes to foreign administrators the right to prosecute "any action or proceeding" in the courts of the state in like manner "as any nonresident may be permitted to sue." The ground upon which it is proposed to restrict this privilege is that the intention was to accord it only to. such action or proceeding as the administrator institutes for recovering the assets of the deceased. But, as we have already stated, under the Indiana statutes the plaintiff sues as administrator under a right of action vested in him as such. It seems to us that the statute of Ohio extends to all cases where the administrator is the actor, and sues for that which, in his official capacity, he is entitled to recover. It does not discriminate between the matters which, by the foreign law, may be intrusted to him by virtue of his office, provided the exercise of the privilege is not inconsistent with the interests of the public in the state of Ohio. The only restriction mentioned by the statute is that which is imposed upon any nonresident. We think there is no valid reason for excluding such an action as this upon the fact that the fund, after it comes to the hand of the administrator, is distributed to other persons than those to whom by another statute of Indiana the assets of the deceased are distributable. The case of Transfer Co v. Wilson's Adm'r, 16 U. S. App. 236, 8 C. C. A. 21, 59 Fed. 91, decided by this court, and cited for the plaintiff, is not opposed to this conclusion. It was there held that a foreign administrator could not sue in the courts of Kentucky to recover damages for a death occasioned by the fault of another under a statute of that state which authorized such administrator to "prosecute actions for the recovery of debts due to such decedents." The restriction was expressly made in the very terms of the grant of the privilege without which the foreign administrator could not sue in Kentucky. In no sense could such damages be called debts due the decedent. The dissimilarity between the Kentucky and Ohio statutes is obvious.

For the reasons stated, we are convinced that none of the assignments of error are maintainable, and that the judgment should be affirmed.